# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

TRINIDAD HORTA,

    Plaintiff,

v.

STATE OF CALIFORNIA, et al,

    Defendants.

Case No. 2:08-CV-01436-LDG

**ORDER**

       Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. The court must review complaints brought by prisoners against government entities. 28 U.S.C. § 1915A(a). The complaint should be dismissed if it is frivolous or if it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1),(2).

       A claim is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may therefore dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inarticulately pleaded, has an arguable legal and factual basis. See Jackson v. Ariz., 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

       A complaint requires only a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). However, a complaint must contain more than a "formalistic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "factual allegations must be enough to raise a right to relief above the speculative level." Id. In reviewing a complaint under this standard, the court must accept as true

the allegations of the complaint in question. <u>Hosp. Bldg. Co. v. Rex Hosp. Trs.</u>, 425 U.S. 738, 740 (1976). It also must construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

Mr. Horta seeks relief for the use of excessive physical force and unwanted medical treatment administered while he was in custody of various institutions in Nevada and California. A plaintiff can seek relief under the Civil Rights Act, which provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  Whether some conduct violates the Act depends on whether the person acted "under color of law" and whether the conduct deprived the plaintiff of a constitutional right. <u>Shah v. Cnty. of L.A.</u>, 797 F.2d 743, 746 (9th Cir. 1986).

The Eighth Amendment and the Due Process Clause are the constitutional rights relevant to Mr. Horta's Complaint, but his allegations are too vague to support a colorable claim under either of those provisions. The Eighth Amendment prohibits "cruel and unusual punishment." U.S. Const. amend. VIII. "After incarceration, only the 'unnecessary and wanton infliction of pain' . . . constitutes cruel and unusual punishment." <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991). For complaints alleging "excessive physical force" by prison officials in violation of the Eighth Amendment, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Hudson v. McMillian</u>, 503 U.S. 1, 6-7 (1992). The factors that determine whether the force was "excessive" are "the extent of the injury . . . , the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." <u>Id.</u> at 7. Mr. Horta's statement that he was slammed on the ground while being searched is insufficient to support a claim because it does not provide any other information about the circumstances that would indicate that the force

used was excessive. Although the court construes the facts in a light most favorable to the plaintiff, the court would have to speculate broadly about the nature of this event in order to conclude that the alleged force was excessive. The Complaint itself does not support a cause of action.

Mr. Horta's allegation that he received medical treatment without his permission does not indicate that his Due Process rights were violated. A prisoner is not afforded the same liberties as a free man, and so his liberty is infringed only when his treatment is harsher than what is normal for prison life. Sandin v. Connor, 515 U.S. 472, 484 (1995). However, imposing a particularly invasive or unnecessary medical treatment on a prisoner can constitute a violation of liberty. See Runnels v. Rosendale, 499 F.2d 733, 735 (9th Cir. 1974) ("The right to be secure in one's person could be violated by the substantial threat to physical security necessarily involved in major surgery, when such surgery is neither consented to nor required for purposes of imprisonment or security"). But less invasive treatments that otherwise infringe on an inmate's liberty interests are permissible if they are "reasonably related to legitimate penological interests." Washington v. Harper, 494 U.S. 210, 223 (1990) (quoting Turner v. Safley, 482 U.S. 78 (1987)). In Harper the Court held that a mentally ill prisoner could be forced to take antipsychotic drugs if doing so would serve the interests of the prisoner and the State. Id., 494 U.S. at 222-23. There is no indication in Mr. Horta's Complaint that the procedures he endured while incarcerated in Fresno and Sacramento were overly invasive or unnecessary. Mr. Horta describes receiving medication without his permission, but he does not mention any adverse or unwanted effects from the treatment. There is also no reason to believe that the treatment was not intended to benefit him or serve some penological purpose.

The Complaint does not make clear whether Mr. Horta was incarcerated at the time he received treatment in the unnamed hospital in Nevada. Without further information about these circumstances, it is not possible to surmise whether his treatment constituted a violation of his liberty. Thus, taking all of the facts in the Complaint as true, Mr. Horta has not established that any

Due Process violation occurred.

If Mr. Horta chooses to amend his Complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227, 229 (9th Cir. 1980). To support an Eighth Amendment claim, he will need to allege facts sufficient to demonstrate that the physical force was unnecessary and wanton. To support a Due Process claim, he will need to demonstrate that his liberty was impaired beyond what is normal for prison life, or that the medical treatment was not reasonably related to penological interests.

Accordingly,

THE COURT HEREBY ORDERS that Plaintiff's Complaint (#1) is dismissed.

THE COURT FURTHER ORDERS that Plaintiff be granted thirty (30) days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order may result in dismissal.

DATED this 14 day of June, 2011.

_____
Lloyd D. George
United States District Judge